IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES VALENTINIS-DEE, ) | |
| #553045, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:25-CV-0998-G-BN |
| SOUTHERN DISTRICT OF TEXAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

To the extent that a certificate of appealability is required,[*] considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability.  The court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  But, if Petitioner elects to file a notice of appeal, Petitioner must either pay the appellate filing fee or move for leave to appeal *in forma pauperis*.

SO ORDERED.

June 17, 2025.

*[signature: C. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**

---

[*]     See *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("[In *Ojo v. I.N.S.*, 106 F.3d 680 (5th Cir. 1997), w]e concluded that a COA was not required in the § 2241 proceeding at issue there, because § 2253 clearly does not encompass challenges to federal detention under § 2241.  Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241, since 'the detention complained of arises out of process issued by a State court.'  We hold that, assuming Stringer is a pretrial detainee, he must obtain a COA.").